IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:15-cv-00151-FDW

| | |
|---|---|
| NAPOLEON J. RANKIN-BEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| | ) |
| OFFICER FNU BURLESON (6/30/15); | ) |
| OFFICER FNU YOUNG; | ) **ORDER** |
| OFFICER FNU BALL; | ) |
| OFFICER FNU BURLESON (7/14/15); | ) |
| OFFICER FNU WOODIE; | ) |
| OFFICER FNU ALDRIDGE, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on an initial review of Plaintiff's *pro se* complaint which he filed pursuant to 42 U.S.C. § 1983. (Doc. No. 1). For the reasons that follow, Plaintiff's complaint will be dismissed.

I. BACKGROUND

Plaintiff is a prisoner of the State of North Carolina who filed this complaint while housed in the Avery-Mitchell Correctional Institution within this District. In the complaint, he alleges that Officer Burleson sat on the dining hall table on June 30, 2015, while inmates were eating, and a different officer named Burleson engaged in the same conduct on July 14, 2015. Plaintiff also contends that Officers Young; Ball; Wood; and Aldridge sat on the top of a dining hall table while inmates were eating. In his claim for relief, Plaintiff asks that the officers be reprimanded for this disrespectful conduct.

1

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(A)(a), "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." Following this initial review the "court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under Federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990).

## III. DISCUSSION

Plaintiff's complaint will be dismissed for two reasons. First, § 1983 actions are limited to a violation of a right protected by the U.S. Constitution or federal statute. A few isolated incidents involving an officer resting on a dining hall table does not implicate a federally protected right, in particular because Plaintiff does not contend that his health has been impacted, only that his sense of decorum has been offended.

Secondly, Plaintiff's complaint will be dismissed because based on his own allegations, he has failed to satisfy the requirements of the State's mandatory grievance procedure. In North Carolina, State prisoners must complete a three-step administrative remedy procedure (ARP) in order to exhaust their administrative remedies. See N.C. Gen. Stat. §§ 148-118.1 to 148-118.9

(Article 11A: Corrections Administrative Remedy Procedure); Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008).

Plaintiff contends that participation in the grievance process is fruitless because "Raleigh" refuses to take corrective action. (Civil Case No. 1:15-cv-00151, Doc. No. 1: Compl. at 2, 5). Plaintiff's efforts here, or rather his admitted refusal to participate in the grievance procedure of which he is acutely aware, is clearly insufficient to allow him to proceed at this stage because as Federal law makes plain, "[n]o action shall be brought with respect to prison conditions under section 1983, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and his complaint will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 3, 2015

Frank D. Whitney
Chief United States District Judge